# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RONNIE LEE SMITH
ADC#134161                                                                                      PETITIONER

VS.                               5:11CV00082 SWW/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                             RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Ronnie L. Smith. (Docket entry #1). Respondent has filed a Response. (Docket entry #11). Thus, the issues are joined and ready for disposition.

All of Petitioner's claims arise from the Arkansas Department of Correction's calculation of Petitioner's parole or "transfer" eligibility date.

On August 8, 2005, Petitioner pleaded guilty, in Benton County Circuit Court, to multiple counts of manufacturing and possession of controlled substances. (Docket entry #1 at 18-23). He was sentenced to an aggregate twenty-year term of imprisonment, and given 281 days of jail-time credit. (Docket entry #1 at 22).

Some time in 2009, Petitioner received an ADC "time computation card," which calculated his "transfer eligibility date" based on the date his sentence was imposed. According to Petitioner, the calculation did not account for his having received 281 days of jail-time credit. (Docket entry #1 at 24).

Petitioner filed an ADC grievance complaining that his transfer eligibility date should account for his 281 days of jail-time credit. It was denied, as was his administrative appeal.

On April 7, 2011, Petitioner initiated this federal habeas action. (Docket entry #1). He argues that he is entitled to habeas relief because the ADC has miscalculated his transfer eligibility date in violation of his due process and equal protection rights. He requests that the Court order the ADC to recalculate his transfer eligibility date to account for his jail-time credit. Respondent argues that Petitioner has failed to

exhaust his claims in state court.[1]  (Docket entry #11).

The Court concludes that Respondent's argument has merit.  Thus, the Court recommends that the Petition be dismissed, without prejudice, so that Petitioner can exhaust his available state court remedies.

## II.  Discussion

A habeas petitioner must exhaust his available state-court remedies as a prerequisite to federal habeas relief.  *See* 28 U.S.C. § 2254(b)(1)(A).  Furthermore, as a matter of comity, a federal court should not review a habeas claim by a state prisoner until the state courts have had an opportunity to review the claim and correct any error. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A claim is considered exhausted only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993).

The State of Arkansas allows a state prisoner to challenge the computation of his sentence, including parole eligibility. The available state court remedies include the filing of a "petition for declaratory judgment and writ of mandamus" in the circuit court "in which . . . the Director or keeper of the records of the Arkansas Department

---

[1] On January 20, 2012, the Court ordered Petitioner to file a Reply addressing Respondent's nonexhaustion defense.  (Docket entry #12).  He failed to do so.

of Correction is located."[2] *See House v. State*, 2003 WL 1950248 (Ark. Apr. 24, 2003) (unpublished per curiam). Arkansas prisoners have utilized these remedies to seek judicial review of the ADC's alleged miscalculation of a projected parole eligibility date. *See House*, *supra*; *Shackelford v. Terry*; 2002 WL 1303381 (Ark. June. 13, 2002) (unpublished per curiam) (alleged miscalculation of parole eligibility date was cognizable in a petition for declaratory judgment and writ of mandamus); *accord Shabazz v. Norris*, 76 F.3d 382 (8th Cir.1996) (unpublished decision) (dismissing § 2254 petition for failure to exhaust and stating that inmate disagreeing with computation of his parole eligibility and release dates could file state-court actions for declaratory judgment and mandamus against the ADC to have the records corrected).

Accordingly, the Court concludes that Petitioner has not exhausted his habeas claims in state court. To properly challenge the ADC's calculation of his transfer eligibility date, he should file a state-court petition for a "petition for declaratory judgment and petition for a writ of mandamus" in Jefferson County Circuit Court, against Ray Hobbs, Director, Arkansas Department of Correction, and whomever is the ADC "keeper of the records." If the state trial court does not grant Petitioner

---

[2]*See* Ark. Code Ann. § 16-111-101, *et seq.* (declaratory judgments); Ark. Code Ann. § 16-115-101, *et seq.* (writs of mandamus).

relief, he should appeal to the Arkansas Supreme Court. If the Arkansas Supreme Court affirms the denial of relief, Petitioner may then continue to pursue his claims by filing a petition for a writ of habeas corpus in federal court.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus (docket entry #1) be DENIED, and this case be DISMISSED, WITHOUT PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 22nd day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE